STATE *vs*. CHARLES BURTON.

1. INTOXICATING LIQUORS—"LOCAL OPTION TERRITORY"—CONSTRUCTION.

The purpose of the act regulating the shipment of intoxicating liquors into local option territory, and making it unlawful for any one to carry, buy, or bring intoxicating liquors from any point within the state, into local option territory, is to prevent the bringing of intoxicating liquors into "local option territory", which is territory wherein the manufacture and sale of intoxicating liquors are unlawful; and where accused brought into local option territory a quantity of intoxicating liquor exceeding one gallon, he was guilty of violating the law.

2. CONSTITUTIONAL LAW—STATUTORY OFFENSES—QUESTIONS FOR COURT AND JURY.

The question of the wisdom of a criminal statute is not before the court and jury in a prosecution for a violation thereof; but the sole question is whether accused is guilty or not guilty under the evidence.

3. CRIMINAL LAW—EVIDENCE—"REASONABLE DOUBT".

Accused, who does not controvert the evidence produced by the state, cannot be convicted unless the state has proved his guilt beyond a "reasonable doubt", which is not a speculative or possible doubt, but a real and substantial doubt, and such a doubt as fair-minded and conscientious men are justified in entertaining after carefully considering all the evidence.

(*April* 22, 1913.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Josiah O. Wolcott*, Attorney General, and *John B. Hutton*, Deputy Attorney General, for the state.

The defendant was unrepresented.

Court of General Sessions, Kent County, April Term, 1913.

Charles Burton was indicted for bringing intoxicating liquor into local option territory. Verdict, guilty.

INDICTMENT (No. 2, April Term, 1913) for bringing intoxicating liquor into local option territory, contrary to the recent act of the General Assembly of the State of Delaware, known as the "Hazel Law," being *Chapter* 139, *Section* 6, *Volume* 27, *Laws of Delaware.*

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This indictment is based upon a recent statute of this state, known as the "Hazel Law", entitled "An act regulating the shipment or carrying of spirituous, vinous or malt liquor into local option territory, or to the delivery of same in such territory."

[1]   The manifest purpose of this act is to prevent the shipment, transportation, delivery, carrying, or bringing into local option territory of the state spirituous, vinous or malt liquors. We say to you that the words "local option territory", as employed in the act, mean territory wherein the manufacture and sale of spirituous, vinous and malt liquors is unlawful; and we further say that Kent County is such local option territory.

*Section* 6 of the act provides as follows:

"That it shall be unlawful for any person to carry, buy, or have brought, any quantity of spirituous, vinous or malt liquor from any point within the State of Delaware into local option territory within said state, greater than one gallon within the space of twenty-four hours."

If you believe from the evidence in this case that the defendant did, as alleged in the indictment, carry or bring into this county, on the eighteenth day of the present month, a quantity of spirituous liquor, exceeding one gallon, your verdict should be guilty.

[2]   We think it proper to say to you that this case is to be decided like any other case, upon the evidence and the law and nothing else. It does not make any difference what may be thought of the propriety or wisdom of the law; the sole question that concerns the court and jury is whether the prisoner is guilty or not guilty under the evidence.

Verdict.

[3] The evidence produced by the state is not controverted by the defendant. He should not, however, be convicted unless the state has proved his guilt to your satisfaction beyond a reasonable doubt. But a "reasonable doubt" does not mean a speculative or mere possible doubt, but a real and substantial doubt, and such a doubt that fair-minded and conscientious men are justified in entertaining after carefully considering all the evidence.

Verdict, guilty.